THE STATE for the use of THE TREASURER OF NEW CASTLE COUNTY v. THOMAS M. OGLE, ET AL.

The charge of a Sheriff for summoning Grand Jurors to attend the Court of Oyer and Terminer, and also the Court of General Sessions of the Peace and Jail Delivery, is proper to be allowed by the Levy Court, as for a separate and distinct service in summoning a grand jury to attend each of said Courts. But for summoning Petit Jurors to attend the latter, and also the Superior Court, he can only be allowed for one service in summoning such jurors at one and the same time to attend both of those courts. He is, however, to be allowed, in addition thereto, his proper fees and charges for summoning the additional and special petit jurors necessary to complete the whole panel required to attend the Court of Oyer and Terminer alone, but neither of the other Courts; and yet, he is not to be allowed as for a separate, distinct, or additional service in summoning the other petit jurors to attend that court, and also the two other courts at the same time.

Although there is no positive law to sanction the practice, if it has been the established custom of the Levy Court to allow the Sheriff his reasonable charges for the custody and maintenance of common vagrants in the common jail of the county, it cannot refuse to allow his reasonable and proper charges therefor, until he has been duly notified that no such charges will be sanctioned or allowed thereafter. But he is not to be allowed any fee whatever, for the commitment of a vagrant, without an actual commitment by a public officer.

THIS was an action at the suit of the County Treasurer against Thomas M. Ogle, and his sureties, as late Sheriff of New Castle County, for the sum of $150, with interest, collected and received by him upon a judgment recovered by the plaintiff against John Frazier, and his sureties, one of the tax collectors of the County. The only defence to it was under a plea of set-off, to the effect that the defendant had a just and legal charge against the County to the amount of $120 43, for the support and maintenance of a certain number of vagrants committed to his custody whilst he was Sheriff, and for the sum of $16, fees due him for summoning juries, as such, both of which had been wrongfully disallowed by the Levy Court.

For the defendant it was proved that although there was no statute for the committal of vagrants to the custody of the Sheriff, as the keeper of the public jail of the County, it had been the uniform custom for a long time previous to his election to the office, so to do, and that the Levy Court, both before and during his term of office, had made him due allowances therefor, but had refused to allow the charge in question, without any previous notice to him that no allowance would be made in future for such charges. But on the contrary, for the plaintiff it was proved that vagrants were frequently admitted and accommodated for the night in the County prison, upon their own application, or upon the verbal or written request of some magistrate, and without any commitment whatever, and when they were admitted at night and discharged the next morning, there was always a charge for two days maintenance, as well as an additional charge of fifty cents for commitment in each instance, even in such cases; and in regard to the latter sum stated in the plea of set-off, that the defendant had charged it for summoning grand jurors to attend the Court of Oyer and Terminer, as separate and distinct from the Court of General Sessions of the Peace and Jail Delivery, whereas they were summoned by him to attend both of them, at one and the same time.

*The Court, Gilpin, C. J., charged the jury:* That the courts of the State referred to, were distinct tribunals. The former, the Court of Oyer and Terminer, had no general terms, and was specially called only when there was an occasion for it in any of the Counties. The latter, the Court of General Sessions of the Peace and Jail Delivery, and the Superior Court, had regular and general terms which commenced and concluded at the same time, and were composed of the same judges and petit, or general jurors. The charge of the defendant, as Sheriff, for summoning a grand jury to attend the Court of Oyer and Terminer, and to attend the Court of General Sessions of the Peace and Jail Delivery, was therefore a proper charge to be allowed by the Levy Court, as for a separate and distinct service, in summoning a grand jury to attend each of said courts. But for summoning petit jūrors to attend the Superior Court and the Court of General Sessions of the Peace and Jail Delivery, he could only charge and be allowed for one service in summoning at one and the same time, such jurors to attend at one and the same time the two latter courts. He should be allowed, however, his proper fees and charges in addition to those before alluded to, for summoning the additional and special petit jurors, necessary to complete the whole panel required to attend the Court of Oyer and Terminer alone, but neither of the other courts; but not as a separate, distinct or additional service for summoning the other petit jurors to attend that court and also the other two courts during the same time.

As to the charge of the defendant for the custody and maintenance of common vagrants in the common jail of the county, it was the opinion of the court, that although there was at that time no positive law to sanction the practice or warrant the charge of the Sheriff in that respect, yet, as such had been the established custom in the time of his predecessors in the office which had been for a long period acquiesced in and assented to by the Levy Court, and it had before sanctioned and allowed

such charges presented by him, it implied an approval of the practice and the custom by that body, which in law, equity and justice, bound it to allow his reasonable and proper charges therefor, until he was duly notified that no such charges would be sanctioned or allowed thereafter. When, however, such persons were admitted into the prison without an actual commitment by a public officer, he could in no such case be allowed a fee, or any charge whatever for a commitment.

*Spruance* for the plaintiff.

*Booth* for the defendant.